JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Eugene Frein
Deborah Frein

**(b)** County of Residence of First Listed Plaintiff: Pike
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Comerford Law
Curt M. Parkins, Esq.; CJ Rotteveel, Esq.
204 Wyoming Avenue, Scranton, PA 18503; 570-880-0777

## DEFENDANTS
Pennsylvania State Police, et al

County of Residence of First Listed Defendant: Pike
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Unlawful Taking

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/10/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE MICHAEL FREIN | : |
| DEBORAH FREIN | : |
|               PLAINTIFFS | : |
| | : |
| V. | : |
| | : |
| PENNSYLVANIA STATE POLICE | : |
| | : |
| PIKE COUNTY DISTRICT | : |
| ATTORNEY'S OFFICE | : |
| | : |
| RAY TONKIN | : |
| | : |
| JOHN/JANE DOE I-V | : |
|               DEFENDANTS | : |

## COMPLAINT

AND NOW, come Plaintiffs, Eugene Michael Frein and Deborah Frein, by and through their Attorneys, Comerford Law, who file this Complaint, averring as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff rights protected by the 2nd, 4th, 5th and 14th Amendments to the United States Constitution.

2. Jurisdiction is vested in this Court under the provisions of 28 U.S.C.A. §§ 1331 and 1343.

3. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because it is where all parties reside and where the events complained of herein occurred.

1

## PARTIES

4. Plaintiffs incorporate prior paragraphs 1-3 as if the same were set forth herein.

5. Plaintiffs, Eugene Michael Frein and Deborah Frein, husband and wife, are adult citizens of the United States who at all times relevant to this cause of action resided in the Middle District of Pennsylvania.

6. Defendant, Pennsylvania State Police, ("Defendant Police"), is a Pennsylvania Governmental entity who manages, controls, and implements policy for all Pennsylvania State Police. At all times herein, Defendant Police were acting under color of state law.

7. Defendant, Pike County District Attorney ("Defendant DA"), is a Pennsylvania Governmental entity who manages, controls, and implements policy for the Pike County District Attorney's Office. At all times herein, Defendant DA was acting under color of state law.

8. Defendant, Ray Tonkin ("Defendant Tonkin"), is the elected District Attorney of Pike County who manages, controls, and implements policy for the Pike County District Attorney's Office. At all times herein, Defendant Tonkin was acting under color of state law.

9. John/Jane Does I-V are members of the Pennsylvania State Police and/or the Pike County District Attorneys Office whose identities are unknown at this time but who were, at all times relevant hereto, were acting under color of state law.

## FACTS

10. Plaintiffs incorporate prior paragraphs 1-9 as if the same were set forth in full herein.

11. On September 16, 2014, Defendant Police executed a search warrant at Plaintiffs' Monroe County Residence, located at 303 Seneca Lane, Canadensis, Pennsylvania, 18326.

12. This search warrant arose from a September 12, 2014, shooting at the Pennsylvania State Police Barracks at Blooming Grove, in which two

2

Pennsylvania State Troopers were shot by Eric Matthew Frein, the son of Plaintiffs.

13. Eric Frein has since been convicted and sentenced to death.

14. During the execution of this search warrant, Defendants seized property belonging to Plaintiffs including, but not limited to, the following:

   a. Nineteen Pistols

      i. Three .22 caliber firearms (one Berreta, one High Standard, and one High Standard Olympic Match) and their magazines
      ii. One 7.62 x 25 Mauser automatic firearm
      iii. Two 7.65 x 25 Tokarev firearms with four magazines
      iv. One Ruger Blackhawk .30 caliber Carbine firearm
      v. One .30 calber Luger firearm with two magazines
      vi. One Harrington and Richardson automatic .32 ACP firearm with magazine
      vii. One Berreta .380 ACP firearm with two magazines
      viii. Three 9 x 18 firearms (one CZ 82, one Russian Makarov, and one Bulgarian Makarov), each with two magazines
      ix. Five 9 x 21 Luger firearms (one Astra, two Star, one Belgian Hi-Power, one Israeli Hi Power) with eight magazines
      x. One 1911 Colt .45 ACP firearm with two magazines

   b. Twenty-Five Rifles

      i. Three .22 caliber firearms (one BSA Martini ISU, one 1923 Savage, and one Marlin automatic) with one scope
      ii. Four 7.62 x 39 firearms (one FEG Hungarian AK, one Cugir Roumanian AK flat muzzle, one Cugir Roumanian AK slant muzzle, and one Roumanian SKS) with twelve magazines
      iii. Two 7.62 x 54 firearms (one Moisin Nagant and one Moisin Nagant Carbine)
      iv. One 7.62 x 51 National Match M1A1 with scope and six magazines

3

    v. Seven 30-06 firearms (one M1 Garand, one Civil Sporter Rock Island, one 1903 a1 Springfield, one 1903 a3 Springfield Smith Corona, one 1903 a3 Springfield, one 1917 Enfield Sporter, and one 1917 Enfield Remington)
    vi. One 30-40 1898 Krag Carbine
    vii. Six 8mm Mauser firearms (one 98k double trigger, one 98k Turkish, one 98k Persian, one 98k German, one G41 Hungarian, and one Czech VZ 24) with one scope
    viii. One .45-70 Harrington and Richardson buffalo gun

  c. Two Shotguns

    i. One double barrel 12 gauge
    ii. One double barrel 16 gauge

  d. Ammunition and Reloading Supplies
  e. Camera Memory Cards
  f. Compact Discs
  g. Two IBM laptops
  h. VHS camcorder and tape

15. The aforementioned property had no evidentiary value in the criminal case against Eric Matthew Frein and was not used in his criminal trial.

16. Even if such evidence were utilized, Eric Matthew Frein has lost his direct appeal. The United States Supreme Court has denied review.

17. This property belongs to Plaintiffs, not Eric Matthew Frein.

18. This property was not contraband and was legally obtained, owned, and used by Plaintiffs.

19. As of the filing of this Complaint, Defendants continue to hold the aforementioned property, despite requests for its return.

20. Defendants have provided no compensation to Plaintiffs as a result of taking their property.

21. Defendants all continue to object to the return of Plaintiffs' property for no lawful or valid reason.

## Count I: 42 U.S.C. § 1983
### Unlawful Taking

22. Plaintiffs incorporate prior paragraphs 1-21 as if the same were set forth in full herein.

23. The taking of the aforementioned property was unlawful under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

24. The property was seized without probable cause. To the extent that probable cause existed at any point, such cause no longer exists and the property continues to be held.

25. No valid rationale exists to continue to hold the property.

26. Plaintiffs were not provided with due process in regard to the taking of the property.

27. Plaintiffs were provided with no compensation for the taking of this property.

WHEREFORE, Plaintiffs request that judgment be entered in their favor and seek relief including but not limited to, compensatory damages, attorney's fees, costs, punitive damages, injunctive relief directing return of the property, and/or any other relief the Court deems just.

## Count II: 42 U.S.C. § 1983
### Right to Bear Arms

28. Plaintiffs incorporate prior paragraphs 1-22 as if the same were set forth in full herein.

29. The taking of the aforementioned firearms violates Plaintiffs' Second Amendment Right to Bear Arms as it unreasonable interferes with Plaintiff's right to and possession of firearms.

WHEREFORE, Plaintiffs request that judgment be entered in their favor and seek relief including but not limited to, compensatory damages, attorney's fees,

costs, punitive damages, injunctive relief directing return of the property, and/or any other relief the Court deems just.

Respectfully Submitted

*Comerford Law*

*Curt M. Parkins*

---

Curt M. Parkins, Esq.

*CJ Rotteveel*

---

CJ Rotteveel, Esq.,
Comerford Law
Attorney for Plaintiffs
204 Wyoming Ave
Scranton, PA 18503
570-880-0777
570-880-0476 (fax)
curt@comerfordparkins.com
