## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**EUGENE MICHAEL FREIN and**
**DEBORAH FREIN,**

        **Plaintiffs**

    **v.**

**PENNSYLVANIA STATE POLICE,**
**PIKE COUNTY DISTRICT**
**ATTORNEY'S OFFICE, RAY**
**TONKIN and JOHN/JANE**
**DOE I-IV,**

      **Defendants**

:      **CIVIL ACTION NO. 3:20-939**

:      **(JUDGE MANNION)**

## **MEMORANDUM**

Pending before the court is a motion to dismiss the plaintiffs' complaint brought on behalf of defendants Pike County District Attorney's Office and Pike County District Attorney Ray Tonkin ("Pike County defendants") (Doc. 7) and a motion to dismiss the plaintiffs' complaint brought on behalf of the Pennsylvania State Police ("State Police defendants") (Doc 15). Upon review of the defendants' motions and related materials, the motions will be **GRANTED**.

By way of relevant background, the plaintiffs initiated the instant action on June 10, 2020. In their complaint, the plaintiffs allege that on September

12, 2014, Eric Matthew Frein, their son, murdered one Pennsylvania State Trooper and injured another at the Pennsylvania State Police barracks in Blooming Grove, Pennsylvania. In connection with the investigation of that shooting, the Pennsylvania State Police and its agents, named herein as John and Jane Doe defendants, executed a search warrant at 303 Seneca Lane in Canadensis, Pennsylvania, a residential property and home belonging to the plaintiffs. Pursuant to the warrant, a number of items owned by the plaintiffs were confiscated, including 64 pistols, rifles, shotguns, and ammunition.

According to the plaintiffs' complaint, Eric Matthew Frein was tried and convicted in the Court of Common Pleas of Pike County, Pennsylvania, and was sentenced to death. His direct appeal has terminated and the United States Supreme Court has denied certiorari. The plaintiffs allege that the property seized from their residence, including the firearms, was not used as evidence during their son's trial, but the defendants continue to hold their property without cause and refuse to return it despite requests to do so. Plaintiffs allege that defendants have also not provided compensation for their property. The instant action is brought against the defendants pursuant to 42 U.S.C. §1983 claiming violations of the plaintiffs' Second, Fourth, Fifth and Fourteenth Amendment rights.

The Pike County and State Police defendants have filed separate motions to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7, Doc. 15, respectively).Those motions have been fully briefed and are ripe for disposition.

Rule 12 of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can granted. Fed.R.Civ.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65).

In considering a motion to dismiss under Rule 12(b)(6), the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

The plaintiffs' complaint contains two counts: In Count I, the plaintiffs assert claims pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. In Count II, the plaintiffs assert a claim pursuant to the Second Amendment of the United States Constitution. Both

- 4 -

sets of defendants are moving for dismissal of all claims. In their opposing briefs, the plaintiffs concede, after review of the applicable case law, that their Fourth Amendment claim should be dismissed because the initial seizure of their property was made pursuant to a valid search warrant. As such, the defendants' motions to dismiss will be granted in this respect.

In their motions to dismiss the plaintiffs' complaint, both the Pike County and State Police defendants argue for dismissal of the plaintiff's Fifth Amendment claim. Specifically, the defendants argue that the Takings Clause of the Fifth Amendment prohibits the federal government from taking property for public use without providing just compensation. However, the defendants argue that there can be no cognizable Fifth Amendment takings claim when the property is seized pursuant to a lawful search warrant, and they further argue that property seized pursuant to the criminal laws is not a taking justifying compensation. The defendants argue that they have not commenced any forfeiture over the property at issue, nor are they attempting to utilize the property for a public purpose. They maintain that the property is being held in evidence during the pendency of Mr. Frein's criminal appeal process in the event that any appeal is successful, and a new trial is required.

The plaintiffs respond that where police refuse to return property after it has been lawfully obtained, a claim is appropriately brought under the Fifth

Amendment.[1] The plaintiffs argue that the cases cited by the defendants are not factually analogous to this case, as those cases involved seized contraband, damage to property caused during a legal search, or premature requests for return. The plaintiffs maintain that, in the case at hand, the government has retained property that is neither contraband, nor was used as evidence at trial, and that they do not claim damage caused to the property by a lawful search. The plaintiffs argue that the case law makes clear that the Fifth Amendment is the appropriate vehicle through which they may avail themselves when non-contraband, non-evidence property is seized pursuant to a valid warrant and not returned. Furthermore, although the court in *Denault* noted that a Fifth Amendment claim is not ripe until state court remedies are exhausted, the plaintiffs argue that pursuant to the Supreme Court's decision in *Knick v. Township of Scott, Pennsylvania*, ___ U.S. ___, 139 S.Ct. 2162, (2019), they need not have exhausted their state court remedies prior to pursuing their claim in this action.

To the extent the defendants argue that the property at issue is being maintained during the pendency of Mr. Frein's appeal process, the plaintiffs

---

[1] *Denault v. Ahern*, 857 F.3d 76 83 (1st Cir. 2017) (citing *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004); *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003); *Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999)).

respond that this is a death penalty matter, and if they were to wait for all collateral attacks and appeals to be completed, "it would be twenty years from now, and they would likely be dead." The plaintiffs argue that it is unreasonable to make them wait for the return of their property when they have done nothing wrong and the property is not contraband or evidence. Therefore, the plaintiffs argue that the defendants' motions to dismiss should be denied.

In considering the defendants' motions, the Third Circuit has stated on a number of occasions that there is no Fifth Amendment "takings" claim "when property is seized pursuant to a lawful search warrant," and that "[p]roperty seized pursuant to the criminal laws is not a 'taking' justifying compensation." *McKenna v. Portman*, 538 Fed.Appx. 221 (3d Cir. 2013) (citing *Lawmaster v. Ward,* 125 F.3d 1341, 1351 (10th Cir.1997) (plaintiff who alleged that officers ransacked his home during a search failed to "allege any facts showing how his property was taken for public use in violation of the Fifth Amendment")). Further, the *McKenna* court found that "outside the context of eminent domain, the government is 'not . . . required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority.'" *Id.* (citing *Bennis v. Michigan,* 516 U.S. 442, 452 (1996); *see also Johnson v. Manitowoc*

*Cnty.,* 635 F.3d 331, 336 (7th Cir. 2011) (Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of police power); *AmeriSource Corp. v. United States,* 525 F.3d 1149, 1154 (Fed. Cir. 2008) (citing *Bennis,* 516 U.S. at 452, 116 S.Ct. 994) (same); *United States v. $7,990.00 in U.S. Currency,* 170 F.3d 843, 845-46 (8th Cir.1999) (same); *United States v. Various Gambling Devices,* 478 F.2d 1194, 1198 (5th Cir.1973) (same)).

Although the plaintiffs attempt to distinguish the facts of this case from those of the cases relied upon by the defendants and this court, the property relevant to this action was seized pursuant to a valid search warrant. The Third Circuit has on more than one occasion found that the seizure of property pursuant to a valid search warrant does not constitute a "taking" under the Fifth Amendment because "items properly seized by the government under its police power are not seized for 'public use' within the meaning of the Fifth Amendment." *See e.g. Gulley v. Haymaker*, 2009 WL 763549 (E.D.Pa. 2009) (citations omitted). Because the court finds that the defendants' seizure of the property at issue does not constitute a "taking" under the Fifth Amendment, the court will grant the defendants' motions to dismiss this claim.

With respect to the plaintiffs' Fourteenth Amendment claim, both the Pike County and State Police defendants argue that, while due process usually requires some type of pre-deprivation hearing, it is well-established that a post-deprivation hearing may also satisfy the requirement. The defendants argue that when making a challenge regarding a property deprivation, the plaintiffs must either avail themselves of remedies provided by state law or prove that those remedies are inadequate. When adequate remedies exist, and are followed, the defendants argue that no deprivation of property without due process can result. The defendants maintain that the plaintiffs have, in fact, availed themselves of the process to which they are entitled for post-deprivation challenges to the seizure of property by filing petitions in Monroe County and Pike County pursuant to Pennsylvania Rule of Criminal Procedure 588(A)[2], but their request for the return of property was denied and they are simply dissatisfied with the results of those proceedings. Given that they have utilized the only process to which they

---

[2]Rule 588 of the Pennsylvania Rules of Criminal Procedure provides, in relevant part:

(A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

- 9 -

were due, the defendants argue that the plaintiffs' claim under the Fourteenth Amendment should be dismissed.

In response, the plaintiffs argue that the "pivotal deprivation" in this case was not the seizure of the property pursuant to the warrant, but the "refusal to return the property without a court order after it was determined that the property was not contraband or required as evidence in a court proceeding." The plaintiffs further argue that the decision not to return the property is not the sort of action for which post-deprivation process will suffice. Therefore, the plaintiffs argue there is a valid claim under the Fourteenth Amendment for denial of pre-deprivation process for the second type of seizure, that being when the property is retained and not returned. Therefore, the plaintiffs argue that the defendants' motions to dismiss should be denied.

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. While due process usually requires some type of pre-deprivation hearing, a post-deprivation hearing may also satisfy the requirement. *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Here, there was no pre-deprivation hearing, so we look at the post-deprivation process that the state provides to determine if it was

"constitutionally adequate[,] . . . [and do so by] examin[ing] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Id.* at 126, 110 S.Ct. 975.

Here, Pennsylvania law provides a process to request the return of seized property. Pa.R.Crim.P. 588(A). ("A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof."). Pennsylvania Rule of Criminal Procedure 588 provides an adequate remedy when police seize property pursuant to an investigation. *Potts v. City of Phila.,* 224 F.Supp.2d 919, 938 (E.D.Pa. 2002); *see also Kauffman v. Pa. Soc'y for the Prevention of Cruelty to Animals,* 766 F.Supp.2d 555, 571 n. 7 (E.D.Pa. 2011).

In this case, the plaintiffs took advantage of the process available under Pennsylvania state law when they filed a motion for the return of their property pursuant to Rule 588(A). Although they were denied the relief they sought, the plaintiffs received the process they were due. Thus, the plaintiff's Fourteenth Amendment claim will also be dismissed. McKenna v. Portman, 538 Fed. App'x 221, 224-25 (3d Cir. 2013)

Finally, as to the plaintiffs' Second Amendment claim, both the Pike County and State Police defendants argue that recent case law out of the Eighth Circuit interpreting the Supreme Court decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U. S. 742 (2010), has held that the seizure of a particular gun does not constitute a violation of the Second Amendment when the plaintiff is later able to purchase another gun. (Doc. 8, p. 16) (citations omitted). The defendants suggest in this case that the firearms sought to be recovered by the plaintiffs were obtained pursuant to a lawful search warrant during the investigation of the shootings into two Pennsylvania State Police Troopers by the plaintiff's son, Eric Frein. The defendants argue that the items were seized as evidence and are currently maintained as evidence while Mr. Freid's appellate process remains on going. The defendants argue that possession of these specific firearms does not preclude the plaintiffs from purchasing and owning other firearms and, therefore, does not preclude or infringe upon their right to bear arms as afforded by the Second Amendment and extended to the states by the Fourteenth Amendment. As such, the defendants argue that Count II of the plaintiffs' complaint should also be dismissed.

In response to the defendants' motions, the plaintiffs argue that the Second Amendment protects the right of the people to "keep" and bear arms, with the word "keep" being particularly important, as the defendants in this case claim that because the plaintiffs can go out and obtain other weapons, their Second Amendment rights are not being infringed upon. The plaintiffs argue that the Eighth Circuit in *Walters v. Wolf*, 660 F.3d 307, 318 (8th Cir. 2011), noted that there was a possibility that a plaintiff could show a violation of the Second Amendment through deprivation of a specific firearm that the individual otherwise lawfully possessed for self-defense. In this case, the plaintiffs argue that the defendants seized all of their firearms, 46 weapons total, the vast majority of which could not and did not match the weapon responsible for the shooting they were investigating. The plaintiffs argue that the defendants took all of their weapons for self-defense, which infringes upon their right to "keep" arms. The plaintiffs argue that this is distinguishable from the case law relied upon by defendants in which only a single firearm was involved and therefore the defendants' motions to dismiss should be denied.

The Second Amendment protects "the right of the people to keep and bear arms." U.S. CONST. amend. II. Nevertheless, the United States Supreme Court has recognized that "the right secured by

- 13 -

the Second Amendment is not unlimited." *Dist. Of Columbia v. Heller*, 554
U.S. 570, 626 (2008). The Third Circuit has established a two-prong test that
governs Second Amendment challenges:

> First, we ask whether the challenged law imposes a burden
> on conduct falling within the scope of the Second Amendment's
> guarantee. If it does not, our inquiry is complete. If it does, we
> evaluate the law under some form of means-end scrutiny. If the
> law passes muster under the standard, it is constitutional. If it
> fails, it is invalid.

*United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010). *See
also Binderup v. Attorney General United States of America*, 836 F.3d 336,
339 (3d Cir. 2016) (reaffirming the *Marzzarella* two-step test).

Plaintiffs contend that the seizure of all of their firearms and failure to
return them to this point infringes on their Second Amendment rights.
However, whether the defendants seized one weapon or forty-six, their
actions do not impose a burden on plaintiffs' right to keep and bear arms
generally, but rather only their right to bear the particular weapons that were
seized. The plaintiffs present no evidence that they could not obtain other
firearms for their self-defense. *see Passalacqua v. City of Philadelphia*, 2016
WL 7049051, at *8 (E.D. Pa. Dec. 2, 2016). Given this, the defendants'
motions to dismiss the plaintiffs' Second Amendment claims will be granted.

In light of the foregoing, the defendants' motions to dismiss will be granted in their entirety. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**DATE: March 29, 2021**
20-939-01